**Michael MALONE and Barbara Malone, Husband and Wife, Plaintiffs–Appellants,**

v.

**BAYERISCHE HYPO–UND VEREINS-BANK, AG, New York Branch, Bayerische Hypo–Und Vereinsbank U.S. Finance, f/k/a Bayerische Hypo–Und Vereinsbank Structured Finance, Inc., Katten Muchin Rosenman, LLP, f/k/a Rosenman Colin, LLP, Enterprise Financial Services Corporation, a Missouri Corporation, f/k/a Enterprise Bank, Defendants–Appellees,**

**Does, 1 Through 50, Defendants.***

Nos. 10–2917–cv, 10–2920–cv.

United States Court of Appeals, Second Circuit.

June 24, 2011.

---

* The Clerk of the Court is directed to amend the official caption in accordance with this order.

**44**

Brian G. Isaacson, Isaacson & Wilson, P.S., Seattle, WA, for Appellants.

Mark W. Lerner (Trevor J. Welch, on the brief), Kasowitz, Benson, Torres & Friedman, LLP, New York, NY, for Appellee HVB.

Ted Poretz, Ellenoff Grossman & Schole, LLP, New York, NY, for Appellee Katten.

Kenneth J. Kelly (Lori A. Jordan, on the brief), Epstein Becker & Green, P.C., New York, NY, for Appellee Enterprise.

PRESENT: CHESTER J. STRAUB, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellants Michael and Barbara Malone (the "Malones") appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, J.), which dismissed as time-barred their claims against Appellees Bayerische Hypo–Und Vereinsbank (collectively with related entity, "HVB"), Katten Muchin Rosenman, LLP ("Katten"), and Enterprise Financial Services Corporation ("Enterprise"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Malones' claims against HVB and Enterprise are not tolled under 28 U.S.C. § 1367(d). That provision applies only to state claims dismissed from federal court and subsequently re-filed in state court. *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir.1998). This interpretation of the provision is in keeping with the nature of the broader statutory section, which addresses supplemental jurisdiction over state claims. 28 U.S.C. § 1367; *see In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 427 (2d Cir.2009) (noting that in interpreting statutory language, we must consider "the specific context in which that language is used, and the broader context of the statute as a whole").

As for the claims against Katten, Judge Gardephe correctly found that the Malones were on inquiry notice concerning Katten's role in the underlying alleged fraud since at least 2003. Accordingly, those claims are also time-barred.

On these and all remaining issues, we agree with the district court's thorough and well-reasoned opinion. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.